IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DOMINIQUE ESPARZA, #0799-18** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-1336-N-BK** |
| | § | |
| **ABE PARTINGTON, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be stayed and administratively closed pending the resolution of the state misdemeanor charges pending against Plaintiff.

**I.     BACKGROUND**

On May 25, 2018, Plaintiff, an Ellis County pretrial detainee, filed a *pro se Complaint* against the Waxahachie Police Department[1] and Officers Abe Partington and Dustin Koch. Doc. 3 at 3. The complaint, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, asserts civil rights violations stemming from misdemeanor charges of resisting arrest and driving while license invalid, now pending against Plaintiff in Ellis County. Doc. 3 at 3-4; Doc. 7 at 1. Specifically, Plaintiff complains of an illegal search and seizure, excessive use of force, defamation, and "profiling" stemming from his arrest on December 20, 2017. Doc. 3 at 3-4; Doc. 7 at 4-7. Plaintiff alleges that Defendants sprayed his left eye with pepper spray, punched

---

[1] The City of Waxahachie has since been substituted for the Waxahachie Police Department.

him with a closed fist or elbow, forcefully removed him from his car, and sprayed his face with flavored water. Doc. 3 at 4; Doc. 7 at 7-16. He seeks monetary damages. Doc. 3 at 4.[2]

## II.    ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court determined that a prisoner cannot bring a Section 1983 action that would necessarily imply the invalidity of a criminal conviction or sentence unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court.

The Supreme Court, however, has declined to extend *Heck* to pending criminal matters. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id. See also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (remanding so that district court could stay unreasonable search and seizure claims against police officers "until the pending criminal case has run its course"); *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam) (noting that "a court should stay proceedings in a § 1983 case brought by a pretrial detainee until the related pending criminal case is resolved" (citing *Mackey*, 47 F.3d at 746)).

---

[2] Although Plaintiff was released on a personal recognizance bond on the misdemeanor charges, he was subsequently arrested on unrelated felony charges for which he remains confined. Doc. 7 at 1.

The Court also notes that the *Younger* abstention doctrine is not applicable to a claim for damages, such as in this case. *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam)). And "[e]ven if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." *Boyd*, 575 F. App'x at 519 (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis*, 20 F.3d at 125 (affirming stay of "claims for monetary relief that cannot be redressed in the [pending] state proceeding").

Here, Plaintiff of unreasonable search and seizure and the use of excessive force, Doc. 7 at 5, 9, necessarily imply the invalidity of Plaintiff's pending charges for resisting arrest and driving while license invalid. Thus, this case should be stayed until prosecution of the Ellis County misdemeanor charges against Plaintiff is concluded. *See Profit v. Ouachita Parish*, 411 F. App'x 708, 709 (5th Cir. 2011) (per curiam) (noting with approval that the district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of criminal charges); *Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (holding that where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff might receive in ongoing criminal proceedings, the district court should stay the civil proceedings pending resolution of the criminal charges against plaintiff).

### III.   CONCLUSION

For the foregoing reasons, this action should be **STAYED** and **ADMINISTRATIVELY CLOSED** until the Ellis County misdemeanor charges against Plaintiff for evading arrest and

driving while license invalid are finally resolved. Plaintiff should be instructed to file a motion to reopen the case within 60 days after entry of judgment or an order of dismissal in his state misdemeanor criminal court cases, and advised that not doing so will result in this case being dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or comply with a Court order.

**SO RECOMMENDED**, June 20, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where the disputed determination is found in the magistrate judge's report and recommendation. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4