IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMINIQUE ESPARZA, #0799-18,           § | |
|   PLAINTIFF,           § | |
|           § | |
| v.           § | CIVIL CASE NO. 3:18-CV-1336-N-BK |
|           § | |
| ABE PARTINGTON, ET AL.,           § | |
|   DEFENDANTS.           § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States Magistrate Judge for case management.   For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

On February 21, 2019, the Court issued a supplemental questionnaire to allow Plaintiff to expound on the factual allegations asserted in the complaint.   Doc. 14.   The deadline for Plaintiff's response was April 2, 2019.   As of the date of this recommendation, however, Plaintiff has not responded to the supplemental questionnaire, nor has he sought an extension of time to do so.   In addition, on April 3, 2019, the supplemental questionnaire was returned to the Court as undeliverable and Plaintiff has not updated his address as of the filing of this recommendation.   Doc. 15.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).   "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."   *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's order to respond to and return for filing the supplemental questionnaire. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on April 4, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).