IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DOMINIQUE ESPARZA, #02239621, § <br> PLAINTIFF/APPELLANT, § <br> § <br> v. § <br> § <br> ABE PARTINGTON, ET AL., § <br> DEFENDANTS. § | CIVIL NO. 3:18-CV-1336-N-BK <br> APPEAL CASE NO. 19-10890 |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the order of reference of the district judge, Doc. 37, before the Court is Esparza's August 6, 2019 *Motion to File Appeal*, which the United States Court of Appeals for the Fifth Circuit has construed as a motion to reopen the time to appeal. Doc. 21. Upon review, the construed motion to reopen the time to appeal under FED. R. APP. P. 4(a)(6) should be **DENIED**.

I.

On July 6, 2021, the Court of Appeals for the Fifth Circuit determined that Esparza's August 6, 2019 "untimely notice of appeal . . . arguably could be construed as a motion to reopen under rule 4(a)(6)" of the Federal Rules of Appellate Procedure. Doc. 35. The Fifth Circuit thus remanded the case "for the limited purpose of deciding whether, in light of that motion, the time to file the notice of appeal should be reopened under Rule 4(a)(6)." Doc. 35. This Court subsequently obtained (1) a sworn statement from Esparza explaining why the time to appeal should be reopened, Doc. 37, and (2) mail logs to confirm his assertions and the date of mailing of his construed motion to reopen the time to appeal, Doc. 41.

As relevant to the motion *sub judice*, on May 3, 2019, the District Judge accepted the *Findings, Conclusions and Recommendation of the United States Magistrate Judge* and entered *Judgment* dismissing Esparza complaint for failure to comply with the *Magistrate Judge's Supplemental Questionnaire*, which had been returned as undeliverable because Esparza had been discharged from the Wayne McCollum Detention Center and had not updated his address. Doc. 18; Doc. 17; Doc. 16; Doc. 15. Subsequently, the judgment was returned as undeliverable for the same reason. Doc. 19.

On July 5, 2019, the Court received a status request from Esparza, dated June 28, 2019. Doc. 20 at 1. On the same day, the Clerk of the Court mailed him a courtesy copy of the docket sheet, which showed that his case had been dismissed on May 3, 2019. Doc. 20 at 3. The mail log confirms the Hutchins State Jail, where he was then confined, mailed correspondence from Esparza addressed to this Court on July 1, 2019. Doc. 41-1 at 13. The mail log also establishes that the Hutchins State Jail received mail from this Court addressed to Esparza on July 11, 2019, and that it was delivered to him on July 12, 2019. Doc. 41-1 at 5. Then on July 14, 2019, Esparza placed in the prison mail his *Motion to File Appeal*, and the mail log confirms that it was received the next day and mailed to the Court on July 16, 2019. Doc. 21; Doc. 41-1 at 14. Thus, Esparza's construed motion to reopen the time to appeal was deemed filed on July 14, 2019, within three days of him receiving notice that his case had been dismissed.

Nevertheless, because Esparza had the duty to keep the Court informed of his address change and failed to do so, the Court should decline to reopen the time to appeal.

## II.

To reopen the time to file an appeal, Esparza must satisfy three requirements:

> (6) **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). However, even if all three requisites are satisfied, the district court is not required to reopen the time to file an appeal. *See In re Jones,* 970 F.2d 36, 39 (5th Cir. 1992) ("Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met.").

Here, all of the requirements of Rule 4(a)(6) are met. The record suggests Esparza did not receive notice of the May 3, 2019 judgment.[1] His construed motion to reopen the time to file an appeal was deemed filed on July 14, 2019, within three days of Esparza receiving a copy of the docket sheet revealing that this case had been dismissed. Further, *no* prejudice would result, as the defendants had *not* been served prior to dismissal. *Hurdsman v. Wackenhut Corr. Corp.*, 218 F.3d 744 (5th Cir. 2000) (finding no prejudice because case was dismissed before service of process).

---

[1] Esparza concedes that in January 2019 he was transferred to the Gurney Unit and that about three weeks later, he was transferred to the Hutchins State Jail. Doc. 37 at 1.

However, Esparza was twice advised of his duty to inform the court of any change of address or his case may be dismissed. Doc. 5 at 2 (*Filing Fee Order* at ¶ 8); Doc. 2 (*Notice and Instruction to Pro Se Party*); *see also* Doc. 3 at 2 (complaint form). Both communications advised him of the proper method of submitting the requisite notice of change of address. Although Esparza acknowledges his duty to notify the court of address changes, the record does not support his assertion that he actually did so after his transfers to the Gurney Unit and later to the Hutchins State Jail. Doc. 37 at 1-2 (alleging he submitted written notices of address change from both prisons and called the Clerk's Office to verbally notify of his new address). Indeed, the mail logs confirm no outgoing mail from Esparza addressed to the Court, from either the Gurney Unit or the Hutchins State Jail, before his June 28, 2019 status request was mailed. Doc. 41-2 at 2 (confirming no outgoing mail from Gurney Unit between January 23 to February 8, 2019); Doc. 41-1 at 12-13 (confirming no outgoing mail from Hutchins State Jail addressed to the Court between February 2 and the July 1, 2019 mailing of Esparza's status request).

Further, this Court's docket sheets in this case and in *Esparza v. Jackson*, No. 3:18-CV-2114-S-BK (N.D. Tex.) (Esparza's other case then pending in this Court) reveal no attempts by Esparza to contact the Clerk of the Court by phone or to otherwise to notify of his new address(es). Moreover, Esparza's previous responses to court orders in both cases (including a motion to reopen this case filed in 2018) illustrates his general understanding of federal court procedures and ability to prosecute his claims, despite his *pro se* status.

In addition, Esparza "was properly served when the clerk of court sent notice of the judgment to the most recent address that he provided." *United States v. Sherwood*, 523 F. App'x 279, 279 (5th Cir. 2013) (per curiam) (citations omitted); FED. R. CIV. P. 77(d). That

notwithstanding, a "lack of notice does *not* relieve a party of filing a timely notice of appeal." *Hurdsman v. Wackenhut Corrections Corp.*, 218 F.3d 744, 2000 WL 821627, *1 (5th Cir. 2000) (per curiam) (emphasis in original) (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993) ("Rule 77(d) clearly states that a party must make a timely appeal whether or not he receives notice of the entry of an order. Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation."). Here, however, Esparza remained incommunicado for over five months, beginning January 2019 when he concedes he was transferred to the Gurney Unit, until July 5, 2019, when the Court received his status update request from the Hutchins State Jail.

On this record, the Court finds that Esparza failed in his duty to provide notice of his change of address to the Court. For this reason, the Court should decline to exercise its discretion to reopen the time to appeal. *See Davis v. King*, 270 F. App'x 355, 356 (5th Cir. 2008) (per curiam) (finding district court did not abuse its discretion in declining to reopen time to appeal where inmate failed to notify the Court of his change of address); *Hurdsman*, 2000 WL 821627, *1 (same).

### III.

For the foregoing reasons, it is recommended that Esparza's construed motion to reopen the time to file a notice of appeal under FED. R. APP. P. 4(a)(6) be **DENIED**.

**SO RECOMMENDED** on September 8, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).